IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-16-33-GF-BMM |
| Plaintiff, | |
| vs. | **AMENDED FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| CLIFFORD AIMSBACK, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Aimsback of violating his conditions of supervised release by (1) committing another crime, (2) testing positive for opiates and marijuana, (3) interacting with a convicted felon, (4) failing to follow the instructions of his probation officer, and (5) consuming alcohol. Mr. Aimsback admitted to allegations 2, 3, 4, and 5. He did not admit or deny allegation 1, and the United States moved to dismiss allegation 1. His supervised release should be

revoked, and he should be sentenced to ninety days of home confinement, with no supervision to follow.

## II. Status

United States District Judge Brian Morris sentenced Mr. Aimsback to time served, with twelve months of supervised release to follow, on March 9, 2017, after he pleaded guilty to providing false statements to an FBI agent. (Doc. 124.) Mr. Aimsback began his current term of supervised release on March 9, 2017.

Judge Morris revoked Mr. Aimsback's supervised release on June 20, 2017, because he used alcohol, used methamphetamine, failed to report for drug testing, and failed to report to his probation officer as directed. (Doc. 138.) Judge Morris sentenced him to time served, with eleven months of supervised release to follow. (*Id.*) He began his current term of supervised release June 20, 2017.

### Petition

On July 11, 2017, the United States Probation Office filed a petition asking the Court to revoke Mr. Aimsback's supervised release. (Doc. 140.) The Probation Office accused him of violating his conditions of supervised release by (1) committing another crime, (2) testing positive for opiates and marijuana, (3) interacting with a convicted felon, (4) failing to follow the instructions of his probation officer, and (5) consuming alcohol. (*Id.*) Based on the petition, Judge Morris issued a summons directing Mr. Aimsback's to appear at a revocation

hearing. (Doc. 141.)

**Initial appearance**

On July 25, 2017, Mr. Aimsback appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Tony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Aimsabck said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Aimsback admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Aimsback's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class D felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for eleven months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

The parties agreed that a sentence of ninety days of home incarceration, with no supervised release to follow is appropriate in this instance. Mr. Aimsback did

not exercise his right of allocution.

## III. Conclusion

Mr. Aimsback's supervised release should be revoked because he admitted

violating its conditions. He should be sentenced to ninety days of home

confinement, with no supervised release to follow. This sentence would be

sufficient given the serious violation of the Court's trust, but it would not be

greater than necessary.

The Court **FINDS:**

> Clifford Aimsback violated the conditions of his supervised release by
> (1) committing another crime, (2) testing positive for opiates and
> marijuana, (3) interacting with a convicted felon, (4) failing to follow
> the instructions of his probation officer, and (5) consuming alcohol.

The Court **RECOMMENDS:**

> The district court should revoke Mr. Aimsback's
> supervised release and sentencing him to ninety days of
> home confinement, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 9th day of August 2017.

John Johnston
United States Magistrate Judge